IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TRAYVON KAREEM LANDY,                    *
                                         *
        Plaintiff,                       *
                                         *
             v.                          *          CV 420-001
                                         *
CHATHAM COUNTY DETENTION CENTER;         *
CORRECT HEALTH; and DR. MOYSE,           *
                                         *
        Defendants.                      *

_____

O R D E R
_____

Plaintiff filed this lawsuit while incarcerated at the
Chatham County Detention Center.  (Compl., Doc. No. 1, at 3.)
Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in
this case brought under 42 U.S.C. § 1983.  (Doc. No. 3 (granting
IFP status).)  Because he is proceeding IFP, Plaintiff's pleadings
must be screened to protect potential defendants.  Phillips v.
Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin
v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28
U.S.C. § 1915A.  A *pro se* litigant's pleadings are held to a more
lenient standard than those drafted by an attorney, Erickson v.
Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the
Complaint or any portion thereof if it is frivolous, malicious,
fails to state a claim upon which relief may be granted, or if it
seeks monetary relief from a defendant who is immune to such

relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  For the following reasons, Plaintiff's claims are dismissed.

## I.   BACKGROUND

Plaintiff asserts a claim of deliberate indifference to a serious medical need. (Compl. at 5.) He alleges that on February 1, 2019, he sought treatment for his "Post Herpatic Neoralgia,"[1] which was causing pain and atrophy in his right leg.  (<u>Id.</u>)  He was treated by Dr. Moyse of Correct Health.  (<u>Id.</u>)  Dr. Moyse allegedly stated that all he could do was prescribe Gabapentin for Plaintiff.  (<u>Id.</u>)  Otherwise, Plaintiff would have to wait until his release to get therapy from a specialist.  (<u>Id.</u>)  Plaintiff claims that Dr. Moyse's refusal to provide other treatment and refer Plaintiff to a specialist has caused him constant leg pain and the muscle in his leg has not grown back.  (<u>Id.</u>)

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."

---

[1] Plaintiff may be referring to postherpetic neuralgia, a common complication of shingles.

Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is

3

entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson</u>, 551 U.S. at 94; <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff's Complaint names three Defendants: Dr. Moyse, Correct Health, and the Chatham County Detention Center. The Chatham County Detention Center is not a proper party to the suit because it is not a legal entity capable of being sued. <u>See Dean v. Barber</u>, 951 F.2d 1210, 1214-15 (11th Cir. 1992); <u>Smith v. Chatham Cnty. Sheriff's Dep't</u>, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he Chatham County Jail is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012).

Any claims against Correct Health are also dismissed. Correct Health is merely named in the Complaint and referenced as Dr. Moyse's employer. An employer cannot be held liable in a Section 1983 suit solely on a theory of *respondeat superior*. <u>Bevan v. Lee Cnty. SO</u>, 213 F. App'x 824, 828 (11th Cir. 2007) ("The district court properly granted summary judgment . . . because an employer cannot be held

4

liable under § 1983 for its employees' actions under a theory of respondeat superior or vicarious liability." (citing Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992))).

To state a claim for deliberate indifference to serious medical need against Dr. Moyse, Plaintiff must allege "(1) a serious medical need; (2) [the] defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (per curiam), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Neither does a mere difference in medical opinion between inmate and staff. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

That is especially so in cases like this, where the inmate in fact received some medical attention. See Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." (quotation and citation omitted)). Here, Plaintiff disagreed with Dr. Moyse's provision of only Gabapentin to treat his condition. Plaintiff wanted

5

examination by a specialist.  Plaintiff's preference does not state a constitutional claim.

### IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any non-frivolous claims in his Complaint.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25ᵗʰ day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE

6